**In re Stephen L. SHELNUTT, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 94–BG–489.**

District of Columbia Court of Appeals.

Argued March 31, 1997.

Decided May 15, 1997.

Before FERREN and SCHWELB, Associate Judges, and MACK, Senior Judge.

**ORDER**

PER CURIAM.

The Board on Professional Responsibility recommends a 60–day suspension against respondent Stephen L. Shelnutt. The recommendation is based upon respondent's misconduct in the District of Columbia (District of Columbia matter) as well as his misconduct in Virginia (Virginia matter). The Board urges us to apply reciprocal discipline in the Virginia matter because the Fifth District Committee of the Virginia State Bar issued respondent a Public Reprimand with Terms. That sanction pertained to respondent's improper appearance before the United States District Court for the Eastern District of Virginia at a time when he was not a member in good standing of the Virginia State Bar.

After the Board filed its Report and Recommendation, however, the Virginia Deputy Bar Counsel issued to respondent a notice of show cause hearing to be held on May 13, 1997. The Virginia State Bar is providing respondent with "the opportunity to show cause why the alternative disposition of a certification to the Virginia State Bar Disciplinary Board should not be imposed upon [him] for [his] failure to fulfill the terms imposed" by the Virginia District Committee.

We conclude that Virginia's sanctions in the Virginia matter have not yet ripened into a final order because respondent's case remains a live dispute still pending before the

Virginia State Bar.[1] The applicability of reciprocal discipline in the Virginia matter is therefore a premature question. It is therefore

ORDERED that the case is remanded to the Board on Professional Responsibility, it is

FURTHER ORDERED that the Board issue a revised recommendation on the Virginia matter after the Virginia proceedings become final, and it is

FURTHER ORDERED that the Board make a recommendation on the District of Columbia matter either separately or in conjunction with the Virginia matter.

SCHWELB, Associate Judge, dissenting:

I disagree with the court's view that the proceeding is not "ripe." A District Committee of the Virginia State Bar issued a public reprimand, with conditions, as a result of Shelnutt's initial violation. Shelnutt did not appeal from the Committee's order. The proceedings for reciprocal discipline initiated by District of Columbia Bar Counsel were based on the reprimand.

I discern no "ripeness" problem. The reciprocal discipline proceeding was ripe when instituted and remains ripe today. To be sure, the Virginia State Bar Committee has alleged noncompliance by Shelnutt with the terms of the reprimand, and further disciplinary proceedings are pending in Virginia. Any future discipline for noncompliance with the conditions of the reprimand, however, will be for a new, separate and distinct violation and will not affect ripeness.[1]

Bar Counsel concedes, however, that the Fifth District Committee of the Virginia State Bar, which issued the reprimand, has no authority to disbar an attorney or to suspend an attorney from practice. Accordingly, it is not a "disciplining court" within the meaning of D.C.Bar R. XI, § 11(a), and this court is without authority to impose reciprocal discipline. I would therefore remand the case to the Board and direct that its Report and Recommendation be revised accordingly.

---

1. The dismissal of respondent's request for relief in the United States District Court for the District of Columbia does not alter this conclusion.

1. If the reprimand were withdrawn pending further discipline in Virginia, then our case might (or might not) be *moot*. Mootness, however, is a different concept from lack of ripeness; a moot case is one which was initially ripe and justiciable, but which has been rendered non-justiciable by subsequent events.